## REED v. CONTINENTAL CASUALTY CO.
### No. 5399.

Court of Appeal of Louisiana. Second Circuit.
Jan. 5, 1937.

Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

Isaac Wahlder, of Alexandria, for appellee.

TALIAFERRO, Judge.

On June 10, 1935, defendant issued to plaintiff a sick and accident policy wherein it agreed to pay him monthly sickness indemnity of $40 under certain enumerated conditions. For its own purposes the policy contains the following definition of sickness:

" 'Sickness' as used in this policy means bodily sickness or disease contracted and commencing after this policy has been in force for not less than fifteen consecutive days from its date and causing loss of time commencing while this policy is in force."

Plaintiff developed illness from jaw infection in June of such nature and seriousness as to render him eligible to demand and receive sick benefits stipulated in the policy, provided if at that time the sickness indemnity clause was in effect, and this sickness continued until September 5, 1935. Having made demand on defendant to indemnify him for the said period at the said rate, which was refused, he brings this suit to recover the amount claimed to be due him, plus penalty and attorney's fee authorized by Act No. 310 of 1910. Defendant resists the suit.

The sole ultimate controverted fact in the case upon which a decision rests is: When did the illness from which plaintiff suffered have its commencement? Plaintiff's suit is predicated upon the contention that it began on or subsequent to June 25th. Defendant asserts that the illness commenced, within the meaning of the policy, prior to June 25th, and admits liability if it had its beginning on or subsequent to that date.

The court a quo gave judgment for the principal amount sued for, but rejected plaintiff's demands in other respects. Defendant has prosecuted this appeal.

A question of fact only is involved. The policy contract is the law of the case. No effort is made to escape the effect of its unambiguous provisions pertinent to the issue tendered by the pleadings. If plaintiff's illness began within fifteen days of the policy's date, he is not entitled to recover. A close study of the record convinces us that his illness developed to his knowledge before the sick benefit stipulation of the policy became effective.

Plaintiff visited Dr. McBride's office in the city of Alexandria, La., for treatment prior to and on June 29th. On the latter visit Dr. McBride was absent. His associate, Dr. Pierce, treated plaintiff's swollen jaw. A note of this visit was made in Dr. Pierce's records. Plaintiff contends that this was his first visit to a physician

for treatment for the trouble, but in this he is in error, as it is virtually conceded that his jaw was first treated by Dr. Mc-Bride. Dr. McBride is quite positive that plaintiff first visited his office on June 25th, but as he was a charity patient, no record was made of it. He is also positive that the diseased condition of the jaw then obvious certainly had its incipiency not less than four or five days prior. He states that such affection does not develop fully overnight. Corroborative of his independent recollection as to the date of said visit, the "Physician's Preliminary Report on Illness" of claimant, made out by the doctor, was introduced in evidence. It is dated July 29, 1935, and states that plaintiff was first examined by him on June 25th. The blank for this report was sent to plaintiff by defendant's Chicago office. It was evidently delivered to the doctor by plaintiff or by some one at his suggestion. On the reverse side of this report is a blank "Claimant's Preliminary Notice of Illness." This was also completely filled out and signed "Sylvester V. Reed." It is stated therein that plaintiff became ill and quit work on June 25th. He denies emphatically that he signed this report or authorized its execution by any one else. The paper containing the two reports was mailed back to defendant, and on their receipt it wrote and mailed to plaintiff a letter acknowledging receipt thereof and therein asked him the three following questions:

1. On what date did you notice that you were becoming ill? The answer is June 23d.

2. On what date was it necessary for you to quit work because of your illness? The answer is June 25th.

3. How many days prior to June 25th, the day you first had the doctor, did you have this trouble? The answer is two or three days.

He denies any knowledge of this letter and denies that he answered or authorized the answering of said questions. At all events, the letter with the answers was mailed to and received by defendant in due course. A similar letter was sent to Dr. McBride, and he therein reaffirmed June 25th as the date plaintiff first called on him.

■ Plaintiff admits that he made out and mailed to defendant proof of his claim for sickness (evidently referring to the report above mentioned), on forms sent him by defendant. He admits the claim was denied after submission of the proofs. He does not contend, and it is not suggested, that any other proof of claim than that above discussed was made out by him and sent to defendant. We are sure there was none. In view of these impelling facts, we have no hesitancy in concluding that plaintiff authorized the making of said report, if he did not actually sign it himself, and supplied the answers to the questions propounded to him in the follow-up letter. On objection the lower court declined to admit these two papers in evidence. They are attached to a formal bill of exceptions and are before us. We think, in view of the above-enumerated facts and circumstances, both were admissible. They were executed at a time not suspicious and fully corroborate Dr. McBride's testimony on the sole issue in the case. It may also be noted that plaintiff says that his jaw ailment developed two or three days before June 25th, which also corroborates Dr. McBride's opinion to the effect that the diseased condition of plaintiff's jaw on June 25th did not suddenly arise. Some letters to defendant, purporting to be signed by plaintiff, were offered in evidence and excluded because he denied their authorship and it was not otherwise proven. These contain information and refer to facts relative to the claim sued for, and plaintiff's sickness, of which only he or some member of his immediate family had knowledge or would have been interested in. They are not favorable to defendant's position. It is unnecessary to consider them to reach a conclusion confidently deemed to be a correct one.

■ After plaintiff's claim was rejected, he asked Dr. McBride for a written statement showing the date of his first visit to him. The request was referred to the doctor's secretary; who only found the entry in Dr. Pierce's record of June 29th. She wrote out a brief statement of the fact, affixed Dr. McBride's signature thereto, and delivered it to plaintiff. This statement is relied on strongly to corroborate plaintiff's testimony. The two doctors have fully explained the matter. We are sure it has no important bearing on the case. The commencement of plaintiff's sickness, in point of time, was not within the coverage of the policy.

For the reasons herein assigned, the judgment appealed from is reversed, annulled, and set aside; plaintiff's suit is dismissed and his demand rejected, at his cost.